PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANGEL GANDÍA, Defendant and Appellant.

No. 5333. Argued February 11, 1934.—Decided May 2, 1934.

R. *Rivera Zayas* for appellant. R. A. *Gómez, Fiscal,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Arecibo, sentencing Angel Gandía to be confined thirty days in jail for carrying a prohibited weapon. It is urged that the court erred in overruling a motion presented by the defendant with regard to the suppression of certain evidence, and in convicting him upon such evidence, which should not have been taken into consideration and without which the other evidence adduced would have been insufficient.

It appears from the record that the defendant was charged with carrying on his person a revolver, a weapon expressly prohibited by law, and that when his case was called for trial in the district court he presented a motion requesting that the weapon seized and the testimony in connection therewith be stricken out, as the weapon had been seized in consequence of an unlawful search made at a time when the defendant was not violating any law and was observing an orderly conduct.

It was stipulated that testimony for the prosecution be heard and that such stipulation should not imply that the defendant waived his motion. Domingo Beniamino, Insular District Chief of Police, Dimas Padilla, a guardsman, and Alejandro Díaz, resident of Manatí, testified. The defendant presented as his sole evidence a copy of a judgment rendered by the Municipal Court of Manatí acquitting him of a charge of breach of the peace. The court overruled said motion

and rendered the judgment of conviction to which we have already referred.

In our opinion, the evidence adduced does not show that an unlawful search was made.

Chief of Police Beniamino testified that on April 29, 1932, while the registrations for the general elections of next November were being held in Manatí and while one hundred or more persons waited in line, the defendant attempted to take a voter from the line; that the witness arrested the appellant and in making the arrest searched the defendant and found a revolver on his person.

Guardsman Padilla stated that on a certain occasion "there was a slight disturbance in the line...a young fellow was sitting in the line and the defendant Angel Gandía attempted to take him out...and they got into a quarrel and the Chief of Police stepped forward and I followed him... and Angel Gandía put his hand right here and the Chief of Police stepped toward him and seized a revolver that the defendant had in his coat."

Finally Díaz testified that "he was sitting on a chair in the line...waiting to be registered and that he held a small piece of paper in his hand...and (the defendant) said: Let me have it, and I refused, and he came out the door, and as he came out he put his hand into his shirt bosom, and the Chief of Police saw him and seized the revolver."

At that time and under those circumstances the police was justified, in our opinion, in intervening and in seizing the weapon in question, and this did not constitute an illegal search.

Section 10 of the Act to prohibit the carrying of weapons reads as follows:

"That it shall be unlawful for any police officer to search any citizen conducting himself in a peaceful and orderly manner for the purpose of confiscating any firearms or other arm specified in

this Act. It shall be lawful to make such search of any person disturbing or ostensibly threatening to disturb the peace, or who is in a state of drunkenness, or observing disorderly conduct, or who boasts of carrying some arm. Any police officer violating the provisions of this Section shall be liable for misdemeanor, and upon conviction, in addition to the penalties imposed by law, shall be dishonorably discharged from office." Act No. 14 of 1924, Session Laws, p. 114.

The circumstance that upon the same facts the defendant was also prosecuted for a breach of the peace and that the municipal court acquitted him of that charge, is of no decisive force to prove in this case, which should be determined upon its own merits, that the defendant while conducting himself in a peaceful and orderly manner was subjected to an unlawful search.

The testimony of Díaz is indeed weak, but even so it clearly shows how the case originated. The acts of the defendant are brought into greater relief by the testimony of Beniamino and of Padilla, and they assume their true proportions when considered in connection with the character of the assembly, the function assigned to the persons whose duty it was to prevent any breach of the peace, so as to guarantee the rights of everyone on an equal basis, and the prompt and wise action of the officer who intervened, which resulted in the immediate seizure of the weapon carried by the defendant in violation of the law.

Having reached the above conclusion, and as the evidence in regard to the unlawful carrying of the weapon is sufficient, the appeal must be dismissed and the judgment appealed from affirmed.

Mr. Justice Wolf concurs in the result.